faegre drinker

faegredrinker.com

**Kate S. Razavi**
Partner
kate.razavi@faegredrinker.com
+1 612 766 8535 direct

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
+1 612 766 7000 main
+1 612 766 1600 fax

January 8, 2026

**VIA CM/ECF**

Jarrett B. Perlow
Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re: *NimbeLink Corp. v. Digi International Inc.*, Appeal No. 24-2292, Notice of Supplemental Authority Under Fed. R. App. P. 28(j)

Dear Mr. Perlow:

Pursuant to Fed. R. App. P. 28(j), Appellee Digi International Inc. ("Digi") respectfully submits this notice of supplemental authority to identify this Court's recent precedential decision in *Akamai Technologies, Inc. v. MediaPointe, Inc.*, 159 F.4th 1370 (Fed. Cir. 2025). The *MediaPointe* decision further supports Digi's position that the Court should affirm the district court's finding that the term "a space-efficient cellular modem device" is indefinite.

In *MediaPointe*, this Court affirmed a district court holding that certain claims using the terms "optimal" and "best" were invalid for indefiniteness. The technology at issue focused on "efficiently routing streamed media content" over the internet, and the claims recited a mapping engine configured to determine "optimal" or "best" routes. *Id.* at 1372–74. The Court found, *inter alia*, that the meaning of the terms was "not reasonably clear," including because the patent lacked guidance on "which measure, or combination of measures, to rely on" to assess whether a route is "optimal" or "best" in a particular situation. *Id.* at 1378 ("A claim term, even if it refers to certain objective measures, is indefinite if it 'might mean several different things [but] no informed and confident choice is available among the contending definitions.'") (quoting *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014)).

Digi respectfully requests that the Court consider the *MediaPointe* decision as supporting its argument that this Court should affirm the indefiniteness of the term "a space-efficient cellular modem device." (Red Br. at 23–31.) Like *MediaPointe*, the "space-efficient" term is language of degree, and the patents lack a "reasonably clear and exclusive definition" or, therefore, "an objective boundary." *MediaPointe*, 159 F.4th at 1378. And so too here, the district court correctly recognized that the specification provides no guidance on how to assess what aspect of the cellular

modem device “space-efficient” even relates to, let alone exclusive and reasonably clear objective boundaries to determine whether any such aspect is “space-efficient” or not. (Appx16–22.)

Respectfully submitted,

/s/ *Katherine S. Razavi*
Katherine S. Razavi
FAEGRE DRINKER BIDDLE & REATH LLP
kate.razavi@faegredrinker.com

*Counsel for Digi International Inc.*

cc: Counsel of Record via CM/ECF